BENJAMIN B. WAGNER
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | CR-F-12-00435 LJO |
| ) | |
| Plaintiff, ) | PROTECTIVE ORDER CONCERNING DIGITAL MEDIA CONTAINING CHILD PORNOGRAPHY |
| ) | |
| v. ) | |
| ) | |
| ) | |
| KEVIN MUNOZ, ) | Honorable Lawrence J. O'Neill |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Ceres Police Department shall make a duplicate copy of the hard drive(s) and any attendant storage media available for defense analysis.

2. The duplicate copy of the digital evidence shall be made available for defense counsel, Jeremy Kroger, and defendant's proposed expert, Marcus Lawson or a colleague at the same employer (Global CompuSearch), to review at the Sacramento, California FBI office for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

3. A private room will be provided for the defense examination.

4. The expert will be permitted to bring whatever equipment, books, or records he or she

believes necessary to conduct the examination;

5. Neither the defense expert nor defense attorney shall remove the hard drive or other storage media from the FBI office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive(s) is not altered.  The expert will certify in writing (using the attached certification), that he has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he has not caused any child pornography to be sent from the FBI premises by any means including any electronic transfer of files.

7. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis.  Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "wiped" clean.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated:     **November 21, 2013**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE